UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>CAVAN DEVINE | Criminal No. 3:17cr228 (JBA)<br><br>July 8, 2020 |

**RULING GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Cavan Devine seeks compassionate release and a reduction of his sentence to time served under 18 U.S.C. § 3582(c)(1)(A) on the grounds that he is at high risk of severe illness from the novel coronavirus because he has a compromised immune system and suspected liver disease. (Def.'s Mem. Supp. Mot. for Compassionate Release [Doc. # 51-1] at 4.) The Government "does not object to the defendant's motion." (Gov't Resp. [Doc. # 56] at 1.) For the reasons that follow, Defendant's motion is granted.

**I. Background**

On October 12, 2017, Defendant pleaded guilty to an Information charging him with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C). (*See* Plea Agreement [Doc. # 21] at 1.) On March 16, 2018, the Court sentenced Devine to 36 months' incarceration, followed by 36 months of supervised release. (*See* Judgment [Doc. # 44] at 1.) The Bureau of Prisons lists Defendant's current release date as November 20, 2020. FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed July 8, 2020).

Defendant represents that he has a compromised immune system, and his BOP medical records indicate elevated ALT and AST levels, a symptom of liver disease. (*See* Def.'s Mem. at 4.)

The Court assumes the parties' familiarity with the ongoing COVID-19 pandemic and its spread from person-to-person, especially between those who are in close contact with one another. HOW COVID-19 SPREADS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fprepare%2Ftransmission.html (last accessed July 8, 2020). The Centers for Disease Control and Prevention ("CDC") advise that "people of all ages with underlying medical conditions, particularly if not well controlled, including: . . . conditions that can cause a person to be immunocompromised . . . [and] liver disease" are "at higher risk for severe illness from COVID-19." PEOPLE WHO ARE AT HEIGHTENED RISK OF SEVERE ILLNESS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed July 8, 2020).

Defendant is currently incarcerated at Danbury FCI. On June 4, 2020, Defendant submitted a request to the Danbury FCI Warden for a reduction in sentence based on his concerns about COVID-19, pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (2020).[1] (*See* Ex. 1 (Def.'s BOP Release Request) to Mot. for Compassionate Release [Doc. # 51-2] at 1.) The Warden denied this request on June 9, 2020. (*See* Ex. 2 (Def.'s BOP Release Denial) to Mot. for Compassionate Release [Doc. # 51-3] at 1.)

On July 6, 2020, Defendant filed this Motion for Compassionate Release. As of July 8, 2020, ninety-four Danbury FCI inmates had tested positive for COVID-19, but all had recovered from

---

[1] On March 19, 2020, in response to the COVID-19 pandemic, Congress enacted the CARES Act, which contemplated an expansion to the BOP's authority to place prisoners on home confinement.

2

the virus. COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 8, 2020).

## II. Discussion

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although incarcerated persons previously could only seek compassionate release upon motion of the BOP, the First Step Act of 2018 amended that provision to permit prisoners to seek relief directly from the courts upon satisfaction of certain exhaustion requirements.[2]

Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

---

[2] Defendant has satisfied the requirement that he wait 30 days after requesting relief from the BOP, as his he submitted a request for a reduction in sentence on June 4, 2020, which was denied on June 9, 2020. (Def.'s BOP Release Denial at 1.).

Application Note 1 to that Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

Defendant argues that extraordinary and compelling reasons exist which justify his requested sentence reduction. Specifically, he argues that he suffers from a "compromised immune system and suspected liver disease, which may affect his ability to fight infection" in the event he contracts COVID-19. (Def.'s Mot for Compassionate Release at 4.) He asserts that "[a]lthough Danbury FCI has implemented safety measures and staff have imposed restrictions on inmates' activities to increase social distancing and reduce the possibility of contacting contaminated items such as telephones and computers, inmates are housed in close quarters and communal spaces," and "[f]or someone like Mr. Devine, these conditions put him at great risk of contracting and suffering complications from the virus." (*Id.*) Defendant also asserts that the 18 U.S.C. § 3553(a) factors support his compassionate release, as he has "participated in every available rehabilitative program," "has not had any disciplinary incidents, and has repeatedly demonstrated his commitment to sobriety regardless of his surroundings." (*Id.* at 6.) He adds that he "has been productive while incarcerated," "working in the steam fit shop in November, 2018 and continu[ing] to work at the job until the pandemic resulted in quarantine." (*Id.*) Defendant also represents that he "has a solid support system and release plan," as his father has "confirmed that [Defendant] is welcome to live with him at his residence in Oxford, Connecticut for as long as he

wants." (*Id.*) His mother has "indicated her intent to help him secure a driver's license and health insurance upon his release." (*Id.*)

The Government does not oppose Defendant's motion and "does not dispute that he has presented 'extraordinary and compelling reasons' which could warrant release." (Gov't Resp. at 2.) The Government adds that it has "considered the factors set forth in 18 U.S.C. § 3553(a) and Sentencing Commission's policy statements as applied in this case," and that "[b]alancing all of those factors and [Defendant's] medical conditions which could . . . make him medically vulnerable were he to contract Covid-19, and in view of the fact that [Defendant] has only some 136 days left to serve in incarceration, the strict mandatory and special conditions of supervised release set by the Court to ensure, *inter alia*, that he receive needed and appropriate substance abuse and mental health monitoring and support, and his family support and the release plan proposed by the defendant, the Government does not object to the defendant's motion." (*Id.* at 2-3.)

The Court concludes that compassionate release is appropriate in this case, and the Government agrees. Here, Defendant has demonstrated extraordinary and compelling reasons justifying his immediate release in light of his immunocompromised state and his suspected liver disease, as these conditions place him at high risk for developing a severe case of COVID-19. *See United States v. Rodriguez*, No. 2:03-cr-271-1, 2020 WL 1627331, at *7–8 (E.D. Pa. Apr. 1, 2020) (finding extraordinary and compelling reasons where defendant was in the "higher risk category" for developing more serious disease due to immunosuppression and suspected liver disease, among other conditions); *Miller v. United States*, No. 16-20222-1, 2020 WL 1814084, at *3–4 (E.D. Mich. Apr. 9, 2020) (granting compassionate release where defendant suffered from liver disease and other conditions that put him at a higher risk for contracting a severe case of COVID-19).

The Court also concludes that Defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(ii). Defendant was convicted of non-violent offenses, and he "is not a danger to the community during this pandemic because he has a home to return to—where he can self-quarantine—and an adequate reentry plan." *Rodriguez*, 2020 WL 1627331, at *11.

Finally, Defendant's compassionate release is consistent with the 28 U.S.C. § 3553(a)(1) sentencing factors. Defendant has only four months left of his sentence, minimizing any sentencing disparities between him and similarly situated defendants. He also represents that he has not committed any disciplinary violations or infractions while in BOP custody.

In sum, Defendant has shown both that extraordinary and compelling circumstances justify his release and that the factors set forth in 18 U.S.C. § 3553(a) weigh in its favor.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [Doc. # 51] is GRANTED. Defendant's sentence is reduced to time served. Defendant shall be promptly released to the home of his father, where he shall self-quarantine for fourteen days.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of July 2020.